United States District Court
Southern District of Texas

**ENTERED**

May 06, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00216 |
| | § | |
| KEMP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Rene Mejia, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Relief from Judgment. (D.E. 158). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

## I.    BACKGROUND

Plaintiff is currently confined at the Aransas County Detention Center ("ACDC") in Rockport, Texas. The facts giving rise to Plaintiff's claims occurred in connection with his prior confinement in 2019 as a pretrial detainee at the ACDC.

In his original complaint, Plaintiff names former ACDC Officer Steffin Kemp ("Kemp")[1] as the sole defendant. (D.E. 1, pp. 1, 3). On October 28, 2022, the Court received Plaintiff's more definite statement in which Plaintiff answered several questions or directives posed to him regarding his claims against Kemp. (D.E. 22).

---

[1] Plaintiff referred to Kemp in his original complaint as Sergeant Kemp. (D.E. 1, p. 2). In his answer and summary judgment motion, however, Kemp refers to himself as "Officer Kemp." (D.E. 55, p. 1; D.E. 131, p. 1).

Plaintiff's excessive force and deliberate indifference claims against Kemp in this action arose from an incident occurring on June 21, 2019, at or around 3:16 p.m. (D.E. 22, p. 2; D.E. 131-1, p. 1).  On that day, Plaintiff states he had a verbal altercation with another inmate, John Solis. (D.E. 22, p. 2).  According to Kemp, Plaintiff and another inmate (presumably Solis) refused to comply with his orders directing them to pack up their belongings and move to a different cell.  (D.E. 131-1, p. 1).  After Plaintiff refused to comply with his orders, Kemp drew his OC gun and informed Plaintiff he would deploy it if Plaintiff continued not to comply with orders.  (D.E. 131-1, p. 1).

Kemp states that, due to Plaintiff's continued noncompliance, aggressive demeanor, and physical position, he separated himself from Plaintiff and deployed the OC gun one time toward Plaintiff.  (D.E. 131-1, p. 1).  Plaintiff states that Kemp shot him in the face with the OC gun. (D.E. 22, p. 3).  According to Plaintiff, he suffered serious eye injuries as a result of Kemp's discharge of the OC gun but did not receive any treatment for his injuries for two days and two nights.  (D.E. 22, p. 4).

On November 19, 2023, Kemp filed his second Motion for Summary Judgment, seeking dismissal of Plaintiff's claims against him in his individual capacity. (D.E. 131).[2] On April 10, 2024, District Judge Nelva Gonzales Ramos entered an Order granting Kemp's summary judgment motion (D.E. 131) and dismissing with prejudice Plaintiff's excessive force and deliberate indifference claims against him in his individual capacity for lack of exhaustion and as barred by the running of the two-year statute of limitations

---

[2]  By Order entered on June 27, 2023, District Judge Nelva Gonzales Ramos denied Kemp's first motion for summary judgment.  (D.E. 79).

period.  (D.E. 154, pp. 9-19, 28).   Judge Ramos further denied Plaintiff's Motion for Judgment on the Merits (D.E. 108), Motion for Injunctive Relief (D.E. 109), motions for leave to amend his complaint (D.E. 123, 127, 135), and motions to compel discovery (D.E. 128, 135).  (D.E. 154, pp. 19-28).   On April 11, 2024, Judge Ramos entered a Final Judgment dismissing this action with prejudice.  (D.E. 155).

## II.    DISCUSSION

A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).   On April 19, 2023, the Court received Plaintiff's Motion for Relief from Judgment along with two related letters.  (D.E.'s 156, 157, and 158).  Because the Court received Plaintiff's post-judgment motion well within twenty-eight (28) days of the entry date of the Final Judgment, it is properly construed as a motion to alter or amend the judgment under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.  *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004).  A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.  *Id*. at 478-79.

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* at 479.

In his Rule 59(e) motion, Plaintiff first contends that: (1) he has been medically certified as a disabled citizen having been diagnosed with Post Traumatic Stress Disorder ("PTSD"), a major stress disorder, and a manic depressive; and (2) pursuant to "Art. 56.37," he has three years to file an application from the date of the "criminally injurious conduct." (D.E. 158, p. 1). While not entirely clear, it appears that Plaintiff references a repealed Texas criminal procedure statute governing applications for compensation under the Crime Victims' Compensation Act ("CVCA"). *See* Tex. Code. Crim. Proc. Ann. art. §§ 56.36(a), 56.36(b), 56.37(a),(b), and 56.46(a),(c) (repealed by Acts 2019, 86th Leg., ch. 469 (H.B. 4173), § 3.01(2), eff. Jan. 1, 2021). The three-year period cited by Plaintiff for filing a CVCA application has no bearing with respect to the applicable limitations period for filing a prisoner civil rights action.

As set forth in the April 10 Order, federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years (not three years) fixed by Texas Civil Practice & Remedies Code § 16.003(a). *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). Plaintiff, therefore, is not entitled to any relief from the Final Judgment with respect to his cryptic reference to the application of "Art. 56.37."

Plaintiff next argues he "knows for a fact" he brought grievances regarding Kemp's conduct to the attention of Chief Grievance Officer Armando Chapa and Lieutenant Hector

Martinez. (D.E. 158, p. 2). According to Plaintiff, the Court should not have based its decision on "the words" of these officials. (*Id.*). In one attached letter, Plaintiff submits a grievance, dated October 21, 2023, complaining about a matter unrelated to this lawsuit. (D.E. 156, p. 3). Plaintiff contends that he Chapa never responded to this grievance, which shows that Chapa is irresponsible and cannot be trusted. (*Id.* at 1-2). In a second attached letter, Plaintiff reiterates that he remembered attempting to grieve the issues regarding Kemp's conduct in 2019 but that Chapa never responded. (D.E. 157).

In the Court's April 10 Order, Judge Ramos concluded that Kemp was entitled to summary judgment for lack of exhaustion, finding that: (1) Kemp had presented summary judgment evidence showing that Plaintiff never submitted a grievance pertaining to Kemp's conduct; and (2) Plaintiff's self-serving and unsupported statements that he did exhaust were insufficient to create an issue of fact. (D.E. 154, p. 14). The Court noted that Plaintiff had provided no details regarding the exact dates when any of his grievances were filed or whether he prepared any grievance on the correct grievance form. (*Id.*). The Court further found important that Plaintiff had failed to provide a copy of any grievance he purportedly submitted to ACDC officials. (*Id.*).

In connection with his Rule 59(e) motion, Plaintiff continues to provide no details identifying the exact dates he purportedly submitted his grievances or whether he prepared any of his grievances on the correct grievance form. While providing a copy of an unrelated grievance filed in 2023, he again provides no copies of any grievance related to Kemp's conduct on June 21, 2019. *See Mells v. CiviGenics*, No. W-07-CA-192, 2008 WL

11480548, at *3 (W.D. Tex. Jan. 29, 2008) (finding inmate's unsworn declaration on the issue of exhaustion to be insufficient competent summary judgment evidence because it contained only conclusory statements and failed "to state whether he used the correct grievance forms" and to include "copies of the alleged grievances he filed.").   Plaintiff presents nothing in his Rule 59(e) motion or attached letters to demonstrate the existence of a manifest error of law or fact with respect to the dismissal of his claims for lack of exhaustion.

Plaintiff otherwise presents nothing to show a manifest error of law or fact with respect to the dismissal of his excessive force and deliberate indifference claims as barred by the running of the applicable two-year limitations period.  Even if Plaintiff's arguments and statements presented in his Rule 59(e) motion and attached letters were sufficient to show exhaustion of his administrative remedies, Plaintiff presents nothing to demonstrate that any time spent exhausting these remedies amounted to a sufficient amount of equitable tolling (fifteen months) to cause his lawsuit to be filed in timely fashion.

Next, Plaintiff apparently seeks to add to his complaint the criminal charge of attempted homicide against Kemp.  (D.E. 158, p. 4).  Any attempt to add this claim against Kemp as part of this Rule 59(e) motion would be futile.  *See Rosenzweig v. Aruriz Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (recognizing that, since a Rule 59(e) motion is governed by the same principles controlling a motion to amend under Federal Rule of Civil Procedure 15(a), the futility of the proposed amendment is sufficient grounds to deny the amendment).

Prisoners have no constitutional right to compel the criminal prosecution of someone else. *Hicks v. Bingham*, No. No. 6:18cv308, 2018 WL 6238003, at *3 (E.D. Tex. Sept. 21, 2018) (citing *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1991)), *report and recommendation adopted* 2018 WL 6192290 (E.D. Tex. Nov. 28, 2018).  Private citizens lack any justicially cognizable interest in prosecuting individuals. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Thus, Plaintiff cannot seek criminal prosecution against Kemp even assuming he was the victim of a criminal offense committed by Kemp. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988).

Lastly, Plaintiff's remaining arguments in his Rule 59(e) motion addressed his excessive force and deliberate indifference claims on the merits.  (D.E. 158, pp. 3-5).  As Plaintiff's claims were subject to dismissal for lack of exhaustion and as time-barred, the Court did not address issues related to the merits of Plaintiff's claims.  (*See* D.E. 154, p. 19 n. 3).  It is, therefore, unnecessary to address these remaining arguments.

## III.    RECOMMENDATION

For the foregoing reasons, Plaintiff cannot establish an entitlement to relief from the Court's Final Judgment under Rule 59(e).  The undersigned respectfully recommends, therefore, that Plaintiff's Rule 59(e) Motion for Relief from Judgment (D.E. 158) be **DENIED**.

Respectfully submitted on May 6, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).