Case 2:22-cv-00216 Document 169 Filed on 05/30/24 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00216 |
| | § | |
| KEMP, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Relief from Judgment (D.E. 158). On May 6, 2024, United States Magistrate Judge Julie K. Hampton issued a "Memorandum and Recommendation to Deny Plaintiff's Motion for Relief from Judgment" (M&R, D.E. 160). The M&R demonstrates that Plaintiff's motion does not present either a manifest factual or legal error or newly discovered evidence to defeat the dismissal for failure to exhaust administrative remedies within the statute of limitations.

Plaintiff timely filed three documents construed to contain potential objections: (1) a complaint for attempted homicide (D.E. 162); (2) a letter (D.E. 163); and (3) a "Motion for Relief of Judgement [sic] Due to [Request for Excusable Neglect]" (D.E. 164). For the most part, these documents repeat Plaintiff's previous failed arguments and do not address any alleged error in the M&R. An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393,

405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

The Court **STRIKES** the complaint (D.E. 162) against Defendant Kemp for attempted homicide as a matter not properly the subject of this case. The Court **OVERRULES** any objections attempted to be stated in Plaintiff's letter (D.E. 163) as merely rehashing his arguments.

Plaintiff now argues in his new motion for relief from judgment that limitations has not expired or should be tolled due to the Covid-19 pandemic.  D.E. 164.  The Court **WITHDRAWS THE REFERENCE** of this motion (D.E. 164).  The motion, filed more than 28 days after final judgment, must be considered under Federal Rule of Civil Procedure 60. In that respect, Plaintiff claims "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1).

Plaintiff now claims that the pandemic, combined with an instance of identity theft and his mental health disorders ("P.T.S.D., M.S.D., and Maniac [sic] Depression"), made this legal claim "last on his mind." D.E. 164, p. 5.  The argument is lacking any specific cause and effect relationship between the pandemic and Plaintiff's failure to invoke the grievance process.  In fact, at the same time that he argues that he could not focus on his legal claim, Plaintiff represents that he did grieve this claim through a "direct letter to the sheriff."  As previously found, Plaintiff's conclusory representations of having grieved the claim outside of the normal, documented grievance process are not convincing.  And his

suggestion that he did so runs counter to his argument that the pandemic somehow made timely grievance impossible. The motion (D.E. 164) is **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Rule 59 motion for relief from judgment (D.E. 158) is **DENIED** and Plaintiff's Rule 60 motion for relief from judgment (D.E. 164) is **DENIED**.

**ORDERED** on May 30, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE