United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00216 |
| | § | |
| KEMP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTIONS

Plaintiff Rene Mejia, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for relief from judgment (D.E.'s 165, 166, and 170). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motions be **DENIED**.

### I.   BACKGROUND

Plaintiff is currently confined at the Aransas County Detention Center ("ACDC") in Rockport, Texas. In this action, Plaintiff named former ACDC Officer Steffin Kemp ("Officer Kemp")[1] as the sole defendant. (D.E. 1, pp. 1, 3). Plaintiff asserted claims of excessive force and deliberate indifference against Officer Kemp in this action arising from an incident occurring on June 21, 2019. (D.E. 22, p. 2; D.E. 131-1, p. 1).

---

[1] Plaintiff referred to Kemp in his original complaint as Sergeant Kemp. (D.E. 1, p. 2). In his answer and summary judgment motion, however, Kemp refers to himself as "Officer Kemp." (D.E. 55, p. 1; D.E. 131, p. 1).

1 / 5

On November 19, 2023, Officer Kemp filed his second Motion for Summary Judgment, seeking dismissal of Plaintiff's claims against him in his individual capacity. (D.E. 131).² On April 10, 2024, District Judge Nelva Gonzales Ramos entered an Order granting Kemp's summary judgment motion and dismissing with prejudice Plaintiff's excessive force and deliberate indifference claims against him in his individual capacity for lack of exhaustion and as barred by the running of the two-year statute of limitations period. (D.E. 154, pp. 9-19, 28). On April 11, 2024, Judge Ramos entered a Final Judgment dismissing this action with prejudice. (D.E. 155).

On April 19, 2024, the Court received Plaintiff's Motion for Relief from Judgment along with two related letters. (D.E.'s 156, 157, and 158). Because the Court received Plaintiff's post-judgment motion within 28 days of the entry date of the Final Judgment, the undersigned construed it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (D.E. 160, p. 3). In a Memorandum and Recommendation issued on May 6, 2024 ("M&R"), the undersigned recommended that Plaintiff's Rule 59(e) motion be denied. (D.E. 160, p. 7).

Plaintiff timely filed three documents construed to contain potential objections to the M&R: (1) a complaint for attempted homicide (D.E. 162); (2) a letter (D.E. 163); and (3) a "Motion for Relief of Judgement [sic] Due to [Request for Excusable Neglect]" (D.E. 164). In his motion for relief from final judgment, Plaintiff argued that the applicable limitations' period did not expire or should be tolled due to the Covid-19 pandemic,

---

² By Order entered on June 27, 2023, District Judge Nelva Gonzales Ramos denied Kemp's first motion for summary judgment. (D.E. 79).

combined with an instance of identity theft and his various mental health disorders. (D.E. 164, p. 5). District Judge Nelva Gonzales Ramos construed Plaintiff's motion for relief from final judgment (D.E. 164) under Federal Rule of Civil Procedure 60(b)(1).

By Order entered on May 30, 2024, District Judge Ramos concluded that, in his documents filed in response to the M&R, Plaintiff for the most part repeated previously-failed arguments and failed to address any alleged error in the M&R. *Id.* at 2. Accordingly, the Court overruled Plaintiff's objections, adopted the M&R, and denied Plaintiff's Rule 59(e) motion. *Id.* at 4. In denying the Rule 60(b) motion for relief from judgment, Judge Ramos determined that Plaintiff's argument lacked "any specific cause and effect between the pandemic and Plaintiff's failure to invoke the grievance process." (D.E. 169, pp. 3-4).

## II.   DISCUSSION

Plaintiff has filed three additional motions for relief from judgment. (D.E.'s 165, 166, & 170).[3] Because these motions were filed more than 28 days after the Final Judgment was entered, they should be construed as Rule 60(b) motions. Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final

---

[3] The Clerk docketed Plaintiff's third motion as a motion for reconsideration of the May 30 Order adopting the M&R and denying Plaintiff's Rule 60(b) motion for relief from the judgment. Plaintiff, however, only asks the Court in the third motion also to reconsider the Final Judgment issued in this case. (D.E. 170, p. 1).

judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

Plaintiff has failed to convince the undersigned that he is entitled to relief under any of the Rule 60(b) provisions. Plaintiff repeats his failed arguments that the applicable limitations' period did not expire or should be tolled due to the Covid-19 pandemic combined with his various mental health disorders. While complaining about Officer Kemp raising the limitations issue on summary judgment, Plaintiff has failed to address any alleged errors in the Court's Order and Final Judgment dismissing his claims for lack of exhaustion and as barred by the running of the limitations period. As Plaintiff's claims were subject to dismissal for lack of exhaustion and as time-barred, the Court need not consider any of Plaintiff's arguments related to the merits of his claims.

## III.   RECOMMENDATION

For the foregoing reasons, Plaintiff cannot establish an entitlement to relief from the Court's Final Judgment under Rule 60(b). The undersigned respectfully recommends, therefore, that Plaintiff's Rule 60(b) motions for relief from judgment (D.E. 165, 166, & 170) be **DENIED**.

Respectfully submitted on August 8, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).